xuezhengple

LEONARDO M. RAPADAS
United States Attorney
FREDERICK A. BLACK
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

ORIGINAL

**FILED**
DISTRICT COURT OF GUAM

NOV 30 2005

MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 05-00080 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **PLEA AGREEMENT** |
| ) | |
| XUE MING ZHENG, ) | |
| aka ZHUN ZHONG XEA, ) | |
| aka ZHAN ZHONG YEA, ) | |
| aka CUN ZHONG XUA, ) | |
| aka ZHUN ZHONG XUA, ) | |
| ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, XUE MING ZHENG aka ZHUN ZHONG XEA aka ZHAN ZHONG YEA aka CUN ZHONG XUA aka ZHUN ZHONG XUA, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count 1 of an Indictment charging him with False Swearing in Immigration Matter, in violation of Title 18, United States Code, § 1546(a). The United States will move to dismiss Count 2 at sentencing.

2(a) The defendant, XUE MING ZHENG aka ZHUN ZHONG XEA aka ZHAN ZHONG YEA aka CUN ZHONG XUA aka ZHUN ZHONG XUA, understands that the

maximum sentence for False Swearing in Immigration Matter is a term of ten (10) years imprisonment, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

    2(b) If defendant pleads guilty to the charge as set forth above, the government will recommend that defendant receive minimum term of incarceration recommended by the Sentencing Guidelines.

    2(c) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

    3. The defendant understands that to establish a violation of False Swearing in Immigration Matter as charged pursuant to 18 U.S.C. § 1546(a), the government must prove each of the following elements beyond a reasonable doubt:

        First: the defendant subscribe as true a false statement;

        Second: the defendant acted with knowledge that the statement was untrue;

        Third: the statement was material to Immigration and Naturalization Services activities or decisions;

        Fourth: the statement was made under oath; and,

        Fifth: the statement was made on a document required by immigration laws or regulations prescribed thereunder.

    4. The defendant agrees that the advisory Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant

stipulate to the following facts for purposes of the Sentencing Guidelines:

    (a) The defendant was born in 1963, and is a citizen of Peoples Republic of China.

    (b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

    (c) The facts charged in Count 1 of the Indictment are true and accurate.

    (d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

    5. In exchange for the Government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. He agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The defendant agrees that the government has bargained for a criminal conviction arising from his conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

    6. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    (a) The nature and elements of the charge and the mandatory minimum penalty provided

1 | by law, if any, and the maximum possible penalty provided by law;

2 |   (b) His right to be represented by an attorney;

3 |   (c) His right to plead not guilty and the right to be tried by a jury and at that trial, the
4 | right to be represented by counsel, the right to confront and cross-examine witnesses against him,
5 | and the right not to be compelled to incriminate himself, that is, the right not to testify;

6 |   (d) That if he pleads guilty, there will not be a further trial of any kind on the charges to
7 | which such plea is entered so that by entering into this plea agreement, he waives, that is, gives
8 | up, the right to a trial;

9 |   (e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure
10 | 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court
11 | does not accept the sentencing recommendations of the government or his counsel;

12 |   (f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions
13 | about the offenses to which he has pled, under oath, and that if he answers these questions under
14 | oath, on the record, his answers may later be used against him in prosecution for perjury or false
15 | statement if an answer is untrue;

16 |   (g) That he agrees that the plea agreement is voluntary and not a result of any force,
17 | threats or promises apart from this plea agreement;

18 |   (h) The defendant is satisfied with the representation of his lawyer and feels that his
19 | lawyer has done everything possible for his defense; and

20 | //
21 | //
22 | //
23 | //
24 | //
25 | //
26 | //
27 | //
28 |

Case 1:05-cr-00080    Document 8    Filed 11/30/2005    Page 4 of 5

(i) That this plea agreement has been translated into his native language and he fully understands it.

DATED: 11-22-2005

XUE MING ZHENG
Defendant

DATED: 11/22/05

JOHN GORMAN
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 11-29-05            By: 

FREDERICK A. BLACK
Assistant U.S. Attorney

DATED: 11-29-05

RUSSELL C. STODDARD
First Assistant U.S. Attorney